NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR ARMANDO DUENAS-
ESCOBAR,

            Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General

            Respondent.

No.    20-71044

Agency No.
A209-950-310

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2021**
San Francisco, California

Before:  TASHIMA and BUMATAY, Circuit Judges, and RAYES,*** District
Judge.

---

    *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument and grants the parties' joint motion to submit the case on the
briefs.  *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Petitioner Oscar Duenas-Escobar, a national of El Salvador, entered the United States without valid entry documentation or inspection and was subsequently apprehended by immigration officials. Duenas was charged as removable, but sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT). After a full merits hearing, the Immigration Judge (IJ) determined that Duenas was ineligible for relief and subject to removal. The Board of Immigration Appeals (BIA) affirmed. Duenas petitions for review.

We have jurisdiction under 8 U.S.C. § 1252 and examine the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We deny the petition.

The BIA did not err in rejecting Duenas' asylum claim, which alleged a well-founded fear of persecution due to his alleged membership in the particular social group (PSG) of "young Salvadorans who resist corrupt practices of police officers." Duenas' proffered PSG is not cognizable because it lacks social distinction. No evidence in the record indicates that Salvadoran society perceives those who resist police corruption as a distinct group. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). In addition, substantial evidence supports the BIA's determination that Duenas failed to establish a nexus between the harm suffered and a protected ground. Notably, substantial evidence supports the

conclusion that the police-harm stemmed from Officer Montes' personal vendetta against Duenas because of his relationship with Rosa, and that the gang-harm arose from Duenas's refusal to sell drugs for the 18-street gang. *See Pagayon v. Holder*, 642 F.3d 1226, 1235 (9th Cir. 2011) ("A personal dispute is not, standing alone, tantamount to persecution based on an imputed political opinion.").

Because Duenas did not meet the lower asylum burden of proof, substantial evidence necessarily supports the BIA's determination that Duenas did not establish that he would more likely than not suffer persecution in El Salvador on account of a protected ground for withholding of removal purposes. *Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir. 2004). Contrary to Duenas' argument—that the BIA committed harmful error by failing to consider whether Officer Montes was driven by mixed motives in harming Duenas—the BIA found the potential link between the gang threat and the police beating no more than speculative. However, even if the BIA had concluded that Officer Montes was affiliated with the 18-street gang, despite Duenas' testimony to the contrary, and beat Duenas because of both his relationship with Rosa and his refusal to sell drugs for the gang, such a finding would still not establish that Duenas would more likely than not suffer persecution on account of his membership in a cognizable PSG.

Finally, substantial evidence supports the BIA's finding that Duenas did not establish eligibility for CAT protection, concluding it is not more likely than not

3                                                                                      20-71044

that Duenas would be tortured in El Salvador. *Unuakhaulu v. Ashcroft*, 416 F.3d 931, 938–39 (9th Cir. 2005). Particularly, the BIA determined that it was speculative that Officer Montes would seek to harm, much less torture, Duenas when he had not seen Officer Montes in years. Duenas provided no evidence that Officer Montes continues to look for him, and Duenas has had no further contact with Rosa. It similarly determined that Duenas has not shown a likelihood that gangs would seek to torture him when members of the 18-street gang had only threatened him on one occasion years prior.

**PETITION FOR REVIEW DENIED.**